UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

VERNON CASTLE BROWN JR.,

    Petitioner,

v.

J.B. WALKER,

    Respondent.

Case No. CV 11-4691-CAS(AJW)

MEMORANDUM AND ORDER DISMISSING PETITION

Petitioner filed this petition for a writ of habeas corpus on June 1, 2011. For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot readily discern the factual or legal basis for petitioner's claims. For example, petitioner alleges the following two grounds for relief:

    1. Book No. 72 Cal.1.Rept. 78 Book No. 71.

    2. None. The United States vs. Heart to Heart of America 2929th Cir 27 Cal.7.Rept. 128 pg no. 79 Washington Courthouse Case Brown C.V. vs. USCD No. 29 Vs. Washington Book No. 72 Book No. 71 Cal.1.Rept 78 Cal. Rept 21 and 29.

[Petition at 5]. Petitioner provides nothing further in support of his claims.

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court shall summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations are vague, incredible, and frivolous. See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert. denied, 498 U.S. 1096 (1991).

Furthermore, to the extent that petitioner attempts to challenge his 2001 murder conviction, this court lacks jurisdiction over his petition. This is the fourth habeas petition petitioner has filed in this Court.[1] The first petition, filed in Case No. CV 03-7528-FMC(AJW), challenged petitioner's 2001 murder conviction in the Los Angeles County Superior Court. That petition was denied on the merits on June 8, 2004. Petitioner filed a second petition challenging the same conviction, in Case No. CV 04-4250-R(AJW). That petition was

---

[1] Many of the facts are obtained from the Court's files concerning petitioner's prior petitions. The Court may take judicial notice of such official court files. See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

2

dismissed as successive on August 25, 2004. A report and recommendation recommending dismissal of petitioner's third petition, filed in Case No. CV 11-4338-CAS(AJW) was issued on June 3, 2011. Although not entirely clear, if petitioner again seeks to challenge petitioner's 2001 murder conviction, the petition must be dismissed as successive. See 28 U.S.C. §§ 2244(b)(2) & 2244(b)(3); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

For the foregoing reasons, the petition is dismissed.

**It is so ordered.**

Dated: 6/10/11

Christina A. Snyder
United States District Judge